No. 23-35494

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

GRAND RIVER ENTERPRISES SIX NATIONS, LTD,

*Appellant*,

v.

AUSTIN KNUDSEN, IN HIS OFFICIAL CAPACITY, ATTORNEY GENERAL OF THE STATE OF MONTANA

*Appellee.*

On Appeal from the United States District Court for the
District of Montana, No. 23-cv-00048
Hon. Brian Morris, Chief District Judge

_____

## APPELLANT'S UNOPPOSED MOTION FOR LIMITED REMAND
_____

Robert C. Lukes
Michael H. Hekman
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT 59807-7909

Randolph Barnhouse
BARNHOUSE KEEGAN SOLIMON
& WEST LLP
7424 4th Street NW
Los Ranchos de Albuquerque, NM 87107

Adam G. Unikowsky
Leonard R. Powell
Mary E. Marshall
JENNER & BLOCK LLP
1099 New York Ave. NW
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
aunikowsky@jenner.com


*Attorneys for Appellant Grand River Enterprises Six Nations, Ltd.*

Plaintiff-Appellant Grand River Enterprises Six Nations, Ltd. ("GRE") respectfully brings this motion for a limited remand. Defendant-Appellee, the Attorney General of Montana ("the AG"), does not oppose this motion.

The purpose of this motion is to cure an asserted jurisdictional defect. GRE has invoked this Court's appellate jurisdiction to review denials of preliminary injunctions under 28 U.S.C. § 1292(a)(1). GRE has argued that this Court has jurisdiction because the district court has already explained, in a published order, why it *would* deny GRE's motion for a preliminary injunction. The AG has argued this Court lacks jurisdiction because the district court never formally denied GRE's motion for preliminary injunction. To resolve any doubt about appellate jurisdiction, GRE requests the following relief from this Court:

1. The Court should issue a limited remand while retaining jurisdiction, so the district court may formally deny a preliminary injunction, as the district court has already stated it would do in an indicative ruling.

2. After GRE notices an appeal of that formal denial, the Court should reactivate this appeal and consolidate it with the new appeal.

No new briefing would be needed; the issues are already fully briefed in this appeal. No delay to the oral argument would be necessary.

1

## BACKGROUND

1.     GRE is a Canadian tobacco manufacturer.  In this suit, GRE challenges an AG order banning GRE's products from Montana's shelves.  On July 17, 2023, the district court issued an order denying GRE's motion for a temporary restraining order, while "reserv[ing] ruling on GRE's request for a preliminary injunction and show-cause hearing."  ER-10.  GRE noticed this appeal.

2.     GRE subsequently moved the district court for an injunction pending appeal and for reconsideration of the court's July 17 order.  On September 1, 2023, the district court denied GRE's motion for an injunction pending appeal, finding that GRE failed to show a likelihood of success on the merits, irreparable harm, or a favorable balance of equities. ER-143-47.  On September 18, 2023, the district court denied GRE's motion for reconsideration, citing its denial of the injunction pending appeal.  ER-149-58.  GRE then amended its notice of appeal to encompass the denial of reconsideration.

3.     On November 8, 2023, this Court indicated that this appeal is being considered for a March 2024 oral argument date.  Shortly after, on November 15, 2023, the district court entered a scheduling order stating that discovery would close on March 29, 2024, with briefing on all pretrial motions due no later than May 17, 2024.  Hence, the district court proceedings are likely to stretch past this Court's resolution of GRE's preliminary injunction appeal.

4.      In this appeal, the AG has taken the position that this Court lacks appellate jurisdiction under 28 U.S.C. § 1292(a)(1) because the district has never formally denied GRE's motion for preliminary injunction.  GRE has argued that this Court does have jurisdiction, but GRE wishes to resolve all doubt.

5.      GRE thus moved the district court on November 21, 2023 for an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1(a) to cure the asserted jurisdictional defect in this pending appeal.  GRE explained that an indicative ruling would confirm what was already apparent on the record—the district court would deny GRE's motion for preliminary injunction.  Specifically, as GRE explained, the district court's September 1 order denying an injunction pending appeal is the functional equivalent of an order denying a preliminary injunction.  The district court denied GRE's motion for injunction pending appeal on the ground that GRE failed to show a likelihood of success on the merits, irreparable harm, or a favorable balance of equities. This order necessarily meant that the district court would deny a preliminary injunction for the identical reasons.  *See Doe v. San Diego Unified School District*, 19 F.4th 1173, 1176 (9th Cir. 2021) ("To determine whether to grant an injunction pending appeal," the Court "applies the test for preliminary injunctions.").

6.      GRE also informed the district court that if the indicative ruling were granted, GRE would then move this Court for a limited remand to allow the district

court to formally deny the preliminary injunction, and to allow GRE to then appeal that formal denial.

7.     On December 11, 2023, the district court issued the requested indicative ruling.  Ex. A.  The district court confirmed that no further hearings or litigation are required for it to deny GRE's motion for a preliminary injunction.  *Id.* at 3-4.  It also determined that GRE's proposed course of action promotes judicial economy and avoids waste of judicial resources by ensuring that this Court can resolve this appeal on the merits before the district court reaches final judgment.  *See id.* at 4.  The district court therefore granted GRE's motion for an indicative ruling and confirmed that it "would deny GRE's motion for a preliminary injunction … on the same grounds stated in the [district court's] order denying GRE's emergency motion for an injunction pending appeal."  *Id.* at 5.

### REQUESTED RELIEF

8.     In light of the district court's indicative ruling, GRE now seeks a limited remand from this Court to restore the district court's jurisdiction and allow it to formally deny GRE's motion for preliminary injunction.

9.     This Court has the authority to issue a limited remand while retaining jurisdiction.  *Radu v. Shon*, 62 F.4th 1165, 1171 (9th Cir. 2023); *United States v. Angle*, 761 F. App'x 775, 777 (9th Cir. 2019).[1]

10.     By granting a limited remand, this Court will promote judicial efficiency by obviating the alleged jurisdictional defect in this appeal.  Once the district court denies the preliminary injunction, GRE will appeal that denial.  This Court can then reactivate this appeal and consolidate the two appeals.

11.     No further briefing will be necessary because the parties' briefs already address the district court's reasoning in its denial of an injunction pending appeal, which the district court confirmed is the same reasoning that will underly its formal denial of a preliminary injunction.   This Court will thus be able to continue to hear this appeal on the current schedule.

For these reasons, GRE respectfully requests that this Court issue a limited remand, while otherwise retaining jurisdiction over this appeal, to permit the district court to formally deny GRE's motion for a preliminary injunction.

---

[1] In addition, Federal Rule of Appellate Procedure 12.1 confers the authority to enter a limited remand while retaining jurisdiction following an indicative ruling by the district court.  While Rule 12.1 does not literally apply—it applies in cases where "the district court states that it would grant the motion or that the motion raises a substantial issue," while in this case the district court stated it would deny the motion for preliminary injunction—it confirms that the Court possesses the authority to issue a limited remand while retaining jurisdiction.

DATED this 13th day of December, 2023.

                                              Respectfully submitted,

Robert C. Lukes                               /s/ Adam G. Unikowsky
Michael H. Hekman                             Adam G. Unikowsky
GARLINGTON, LOHN & ROBINSON, PLLP             Leonard R. Powell
350 Ryman Street • P. O. Box 7909             Mary E. Marshall
Missoula, MT  59807-7909                       JENNER & BLOCK LLP
                                              1099 New York Ave. NW
Randolph Barnhouse                            Suite 900
BARNHOUSE KEEGAN SOLIMON                       Washington, DC 20001
& WEST LLP                                    Telephone: (202) 639-6000
7424 4th Street NW                            aunikowsky@jenner.com
Los Ranchos de Albuquerque, NM 87107

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this brief is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count is 1,118, excluding Caption, Certificate of Service and Certificate of Compliance.

/s/ Adam G. Unikowsky
Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
(202) 639-6000

## CERTIFICATE OF SERVICE

I certify that on December 13, 2023, I electronically filed the foregoing document with the clerk of the court for the United States Court of Appeal for the Ninth Circuit, using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


 _____/s/  Adam G. Unikowsky_____
Attorney for Grand River Enterprises Six Nations, Ltd.